# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARCOS S-A,

Petitioner,

v.

SERGIO ALBARRAN, Acting Field Office Director, San Francisco Field Office; WARDEN, California City Correctional Center; KRISTI NOEM, Secretary of the United States, Department of Homeland Security; TODD M. LYONS, Acting Director U.S. Immigration and Customs Enforcement; and PAMELA BONDI, U.S. Attorney General Department of Justice,

Respondents.

No. 1:26-cv-01865-KES-HBK (HC)

ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Doc. 9

Petitioner Marcos S-A is an immigration detainee proceeding with a first amended petition for writ of habeas corpus and motion for temporary restraining order. Docs. 3, 9. The Court has previously addressed the legal issues raised by claim two of the amended petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Docs. 4, 10. [1]  Respondents "concede they do not have materially distinguishable facts or legal arguments from the cases cited" by the Court.  Doc. 8 at 2.  While respondents oppose the petition, they do not raise any new arguments. *See id.* at 2, 4–6. [2]

Respondents move to dismiss all respondents in this action because petitioner did not name his immediate custodian in his original petition.  Doc. 7 at 1.  However, petitioner has amended his petition to include his immediate custodian.  Accordingly, respondents' motion to dismiss is DENIED.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas

---

[1] The Court set a new briefing schedule after petitioner filed a first amended petition for writ of habeas corpus.  Doc. 10.  On March 17, 2026, respondents filed a notice indicating that they intended to stand on their previous filings.  Doc. 11.

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  *See* Doc. 8 at 6.  But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[3]

Respondents are ORDERED to release petitioner Marcos S-A immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[4]

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    March 17, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

[4] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3